[Crim. No. 2653. Second Appellate District, Division Two.—December 28, 1934.]

In the Matter of the Application of FRED WESTREICHER for a Writ of Habeas Corpus.

Robert Ashton and Harry Keeler for Petitioner.

Buron Fitts, District Attorney, and A. H. Van Cott, Deputy District Attorney, for Respondent.

WILLIS, J., *pro tem.*—Information was filed in the Superior Court of Los Angeles County charging petitioner with the crime of petty theft and a previous conviction of the same offense. On October 11, 1934, he was arraigned and entered a plea of "not guilty". This had the effect of putting in issue both the theft and previous conviction. The case was regularly called for trial in another department on October 30, 1934. Prior to actual trial, in open court, petitioner admitted the previous conviction as charged in the information. Trial was then had before a jury, which returned a verdict of guilty of petty theft as charged in the information. In due course and on November 14, 1934, the court pronounced judgment as follows: "Whereas the said Fred Westreicher having been found guilty in this court of the crime of petty theft with a prior conviction of petty theft, a felony, as charged in the information, defendant having admitted the prior conviction of petty theft, convicted on or about May 4, 1934, in the Justice Court of Huntington Beach, Orange County, State of California, and having served a term of imprisonment therefor in a penal institution, it is therefore ordered, adjudged and decreed that the said Fred Westreicher be punished by imprisonment in the State Prison of the State of California at San Quentin for the term prescribed by law."

Petitioner contends that he is illegally confined and imprisoned because he was permitted to admit his prior conviction of petty theft in a manner not provided by law.

Section 1025 of the Penal Code provides that when a defendant charged in an information with having suffered a previous conviction pleads either guilty or not guilty of the offense for which he is informed against, he must be asked whether he has suffered such previous conviction. Apparently this was not done on the arraignment herein when the plea of not guilty was entered. However, it was done at the beginning of trial proceedings and defendant answered and admitted the previous conviction. The verdict of the jury indicates that the issue of previous conviction was

not brought to its attention and was not passed upon by them. The judgment entered on the verdict and admission is strictly in conformity with law and contains all the essentials to make it self-sustaining, in the absence of any other showing herein of excess or lack of jurisdiction. The unusual procedure in deferring the asking whether defendant had suffered such previous conviction from the time of arraignment to the time of trial was at most but an irregularity or mere error of procedure which did not affect the question of jurisdiction, and is reviewable only on appeal.

The writ is discharged and petitioner remanded.

Stephens, P. J., and Crail, J., concurred.